**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Ramon Octavio Jaquez CERECERES,
also known as Ramon O. Jaquez,
Defendant–Appellant.**

No. 15–50837
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2016.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Ramon Octavio Jaquez Cereceres, Bennettsville, SC, pro se.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge: *

Ramon Octavio Jaquez Cereceres requests leave to proceed in forma pauperis (IFP) from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a sentence reduction pursuant to Amendment 782 to U.S.S.G. § 2D1.1. By moving to proceed IFP, Cereceres challenges the district court's certification that the appeal was not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see also United States v. Doublin,* 572 F.3d 235, 237 (5th Cir.2009); U.S.S.G. § 1B1.10(a). We review for an abuse of discretion a district court's decision of whether to reduce a sentence under § 3582(c)(2). *United States v. Evans,* 587 F.3d 667, 672 (5th Cir.2009).

On appeal, Cereceres argues that the district court erred by denying his § 3582(c)(2) motion on the basis that his sentence is already below the amended guidelines range. Because his original sentence was below the guidelines range due to his substantial assistance to authorities, he argues, the district court should

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have sentenced him to a comparable reduction below the amended guidelines range.

As a general rule, a district court is prohibited from reducing a defendant's sentence under § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). However, where the defendant originally receives a below-guidelines sentence, a district court may, pursuant to a § 3582 motion, impose a revised sentence comparably below the amended guidelines range. *Id.* at § 1B1.10(b)(2)(B); *see also United States v. Cooley*, 590 F.3d 293, 297 (5th Cir.2009).

Cereceres has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. Although Cereceres is correct that the district court had the discretion to impose a revised sentence comparably below the amended guidelines range, the district court was not required to do so, and the record does not reflect that the district court believed it lacked the discretion to impose such a sentence. *See Cooley*, 590 F.3d at 297. The district court recognized that it had authority to lower Cereceres's sentence, considered the 18 U.S.C. § 3553(a) factors, specifically referred to the seriousness of the crime Cereceres committed and the danger to society Cereceres posed, and determined that a reduction was not warranted. Thus, the record shows that the district court gave due consideration to Cereceres's motion as a whole and considered the § 3553(a) factors. *See Evans*, 587 F.3d at 672–73; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir.1995).

Thus, Cereceres has not demonstrated that he will present a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983). Accordingly, his request for leave to pro-ceed IFP on appeal is DENIED, and his appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n. 24; 5th Cir. R. 42.2.